IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
MAY - 4 2016
CLERK, U.S. DISTRICT COURT
By _____
  Deputy

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | NO. 4:06-CR-130-A |
| | § | |
| JIMMY WHITEHEAD | § | |

MEMORANDUM OPINION
and
ORDER

On May 3, 2016, defendant, **JIMMY WHITEHEAD**, filed a document in the above-captioned case, directed to "To Whom It May Concern," worded in its entirety as follows:

> I am the above defendant in the above mentioned case, respectfully requesting that my case be reviewed under the new Supreme Court case called Johnson.
>
> Madam/Sir., I was informed at sentence that I was a "Career Offender," so I believe that the prior's that were used against me fits the Residual Clause.
>
> Thanking you in advance for any and all of your assistance into this matter.

Doc. 136 at 1.[1]

The content of the document causes the court to conclude that defendant is seeking post-conviction relief of the kind that normally would be sought under 28 U.S.C. § 2255 based on the rulings of the Supreme Court in Johnson v. United States, 135 S.

---

[1] The "Doc. ___" references are to the numbers assigned to the referenced items on the docket in this Case No. 4:06-CR-130-A.

Ct. 2551 (2015), and <u>Welch v. United States</u>, ___ S. Ct. ___, slip Op. (Apr. 18, 2016)(No. 15-6418). The court is so interpreting defendant's filing.

After having reviewed defendant's presentence report, the judgment signed on January 10, 2007, the opinions of the Supreme Court in <u>Johnson</u> and <u>Welch</u>, USSG §§ 4B1.1 and 4B1.2, and pertinent Fifth Circuit decisions, the court has concluded that the <u>Johnson</u> and <u>Welch</u> decisions do not provide defendant basis for any relief.

The presentence report discloses that defendant qualified as a career offender within the meaning of § 4B1.1(a) based on the facts that he was at least eighteen years of age at the time he committed the offense of conviction, the offense of conviction was a felony that was a crime of violence, and he had at least two prior felony convictions of a crime of violence. The court assumes that defendant has in mind that <u>Johnson</u> and <u>Welch</u> have potential applicability to his two prior felony convictions because of the presence of a residual clause ("otherwise involves conduct that presents a serious potential risk of physical injury to another") in § 4B1.2(a)(2) similar to the residual clause of 18 U.S.C. § 924(e)(1) with which the Supreme Court was concerned in <u>Johnson</u> and <u>Welch</u>. He seems to be contending that one or both of his two prior felony convictions of a crime of violence came

2

with the residual clause of § 4B1.2(a)(2). If that is defendant's contention, it lacks merit for at least two reasons. First, under Fifth Circuit law "a defendant cannot bring a vagueness challenge against a Sentencing Guideline because a defendant is not entitled to notice of where within the statutory range the guideline sentence will fall." See United States v. Wilson, 622 F. App'x 393, 405 n.51 (5th Cir. 2015); see also United States v. Pearson, 910 F.2d 221, 223 (5th Cir. 1990)(citing United States v. Jones, 905 F.2d 867 (5th Cir. 1990).

Moreover, even if § 4B1.2(a)(2) was subject to a vagueness challenge, defendant nevertheless would not have a legitimate complaint. The court did not resort to the residual language of USSG § 4B1.2(a)(2) in reaching the conclusion that defendant had at least two prior felony convictions for crimes of violence. Doc. 103 at 7, ¶¶ 37-38. His prior convictions came within the scope of § 4B1.2(a)(1) as offenses under state law punishable by imprisonment for a term exceeding one year that had as an element the threatened use of physical force against the person of another. Each of the two prior offenses was a robbery by threat conviction, the first in Case No. 0381670 of the Criminal District Court No. 3 of Tarrant County, Fort Worth, Texas, for which defendant received a sentence of fifteen years

3

imprisonment, id. at 11, ¶ 49, and the second in Case No. 0542533 in the Criminal District Court No. 1 of Tarrant County, Fort Worth, Texas, for which he received a sentence of imprisonment of fifteen years, id. at 13, ¶ 52. In the first, he used and exhibited a deadly weapon, to wit, a knife, in the commission of the robbery, id. at 11, ¶ 49, and in the second, he used and exhibited a deadly weapon, to wit, a firearm, in the commission of the robbery, id. at 13, ¶ 52. The residual clause in § 4B1.2(a)(2) did not have a role in the use in defendant's sentencing of the two prior convictions.

Therefore,

The court ORDERS that whatever relief defendant is seeking on the basis of the Supreme Court's decisions in Johnson and Welch be, and is hereby, denied.

SIGNED May 4, 2016.

_____
JOHN McBRYDE
United States District Judge

4